FILED
2010 JUN 24 AM 11:48
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPRESS COMPANIES, INC., dba AMERICAN EHS/AMERICAN CPR, dba FIRST-AID-PRODUCT.COM, AEDGRANT.COM,<br><br>Plaintiff,<br>vs.<br>LIFEGUARD MEDICAL SOLUTIONS, LLC, dba LIFEGUARDMED.COM, AEDSUPPLYSTORE.COM,<br><br>Defendant. | CASE NO. 10cv178-WQH-WMc<br><br>ORDER |

HAYES, Judge:

The matters before the Court are (1) the Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. # 3); (2) the Motion to Dismiss for Improper Venue as Against Individual Defendants Shirley Cantrell, Chet Frist, and Harvard Reynolds (Doc. # 4); and (3) the Motion to Dismiss Plaintiff's Complaint Against Individual Defendants Shirley Cantrell, Chet Frist, and Harvard Reynolds for Lack of Personal Jurisdiction (Doc. # 5).

## BACKGROUND

On January 22, 2010, Plaintiff initiated this action by filing a Complaint in this Court alleging a federal law claim for copyright infringement and thirteen state law claims against Defendants Lifeguard Medical Solutions, LLC, dba Lifeguardmed.com, Aedsupplystore.com ("Lifeguard Medical Solutions, LLC"), Harvard Reynolds, Chet Frist and Shirley Cantrell.

(Doc. # 1).

On May 21, 2010, all Defendants filed a motion to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 3), and the three individual Defendants filed motions to dismiss for improper venue and lack of personal jurisdiction (Doc. # 4, 5).

On June 11, 2010, Plaintiff filed a First Amended Complaint against Lifeguard Medical Solutions, LLC. (Doc. # 11).

On June 14, 2010, Plaintiff filed notices of non-opposition to the pending motions to dismiss filed by the individual Defendants, "request[ing] that the dismissal of the individual Defendants be done without prejudice." (Doc. # 12 at 2; *see also* Doc. # 13 at 2). On June 14, 2010, Plaintiff filed a "request that the Court deem as moot [the] motion to dismiss ... for failure to state a claim," and a "request[] that the Court issue an Order that the parties meet and confer prior to bringing any further motions in this matter." (Doc. # 14 at 1, 3).

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within ... 21 days after service of a motion under Rule 12(b)...." Fed. R. Civ. P. 15(a)(1)(B). The motions to dismiss under Rule 12(b) were filed and served on May 21, 2010. The First Amended Complaint was timely filed "as a matter of course" 21 days later, on June 11, 2010. *Id.*

Once filed, an amended complaint supersedes the original complaint in its entirety. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[T]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (quotation omitted). Accordingly, the motion to dismiss for failure to state a claim, which addresses the original Complaint, became moot once the First Amended Complaint was filed. Likewise, the motions to dismiss the individual Defendants, who are not named as defendants in the First Amended Complaint, became moot once the First Amended Complaint was filed. *Cf. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("It is well established that an individual is not bound by a judgment in personam resulting from

litigation in which he is not named as a party. The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original. Because Richard Feiner was not named as a party in Hal Roach Studios's first amended complaint, the district court erred in entering judgment against him.") (citations omitted).

Plaintiff's "request[] that the Court issue an Order that the parties meet and confer prior to bringing any further motions in this matter" (Doc. # 14 at 3) is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the pending motions to dismiss are DENIED as moot. (Doc. # 3, 4, 5).

Dated: 6/24/10

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE