# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPRESS COMPANIES, INC., dba AMERICAN EHS/AMERICAN CPR, dba FIRST-AID-PRODUCT.COM, AEDGRANT.COM,<br><br>                              Plaintiff,<br>vs.<br>LIFEGUARD MEDICAL SOLUTIONS, LLC, dba LIFEGUARDMED.COM, AEDSUPPLYSTORE.COM,<br><br>                              Defendant. | CASE NO. 10cv178-WQH-WMc<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the "Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike Plaintiff's [First Amended] Complaint" ("Motion to Dismiss"). (Doc. # 17).

**I.    Background**

On January 22, 2010, Plaintiff Express Companies, Inc., dba American EHS/American CPR, dba First-Aid-Product.com, Aedgrant.com ("Express"), initiated this action by filing a Complaint in this Court alleging a federal law claim for copyright infringement and thirteen state law claims against Defendant Lifeguard Medical Solutions, LLC, dba Lifeguardmed.com, Aedsupplystore.com ("Lifeguard"), Harvard Reynolds, Chet Frist and Shirley Cantrell. (Doc. # 1).

On May 21, 2010, all defendants filed a motion to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 3), and the three individual defendants filed motions to dismiss for improper venue and lack of personal jurisdiction (Doc. # 4, 5).

On June 11, 2010, Plaintiff filed a First Amended Complaint, which names Lifeguard as the sole Defendant. (Doc. # 11).

### A.     Allegations of the First Amended Complaint

"Plaintiff Express is a corporation ... engaged in the business of offering products and services including CPR training classes and other safety training classes; ... first aid products; ... [and] automatic external defibrillators (AEDs) including a grant program for qualifying entities...." *Id*. ¶ 9. "Defendant Lifeguard is a distributor of products and services including automatic external defibrillators (AEDs) and CPR Training Courses, and products related thereto." *Id*. ¶ 17.

During "mid-2006" or thereafter, Plaintiff Express entered into an agreement with Defendant Lifeguard in which "Express would sell products provided by Lifeguard, who would then deliver the products directly to the purchaser. Many products were sold to Express customers without Medical Direction materials, and in such instances, Lifeguard was barred by agreement from providing any Lifeguard Medical Direction or marketing materials to the purchaser." *Id*. ¶ 19. As part of the written agreement between the parties, Defendant Lifeguard executed a document entitled "Confidentiality of Proprietary Information" which stated in pertinent part:

> Any attempt to compete with Express Companies, Inc. by conducting business directly with a Client, Instructors, vendors, affiliates, employees, subdistributors or assigns that were originally contacted through Express Companies, Inc., or has been identified as a current or previous Client, Instructor, vendor, affiliate, employee, sub-distributors or assign will not be permitted and will be subject to legal action. This is considered dishonest, unethical and unprofessional behavior and will not be tolerated.

*Id*. ¶ 20. In late-May 2008, Harvard Reynolds, a member, manager or principal of Defendant Lifeguard, "signed a document reasserting Lifeguard's obligations under the 'Confidentiality of Proprietary Information' agreement." *Id.* ¶ 21.

Since the 2006 agreement between the parties, Defendant "Lifeguard sent its marketing materials to as many as 600 of Express clients, interfering with Express' opportunity to sell training courses to these parties." *Id*. ¶ 24. "[A]s a result, many of Express' clients engaged Lifeguard for CPR Training classes and related training classes rather than Express, ... in

contravention of Lifeguard's agreement with Express." *Id.* ¶ 25.

On July 2, 2009, Lifeguard filed suit against Express in Tennessee state court "for recovery of $50,009.88 claimed to be owed by Express to Lifeguard." *Id.* ¶ 27.

In August 2009, Express posted "advertisements for Prestan brand CPR manikins at its ebay.com store 'americancpr.'" *Id.* ¶ 29. The product descriptions in the advertisements included "original text created by Express." *Id.* ¶ 30. "Shortly thereafter, Lifeguard posted advertisements for the same and similar Prestan brand products as Express at Lifeguard's ebay.com store 'aed-supply.' ... Lifeguard included in its ads Express' original text...." *Id.* ¶¶ 31-32. "On October 14, 2009, Express filed the document 'Prestan Description for Ebay' for copyright registration with the United States Copyright Office." *Id.* ¶ 34. "Lifeguard has, and continues to infringe on Express' copyrighted work, and specifically the work 'Prestan Description for Ebay.'" *Id.* ¶ 35.

"Lifeguard had bypassed Express to purchase directly from Prestan Products.... Lifeguard, represented by ... principal Harvard Reynolds, was first introduced to the Prestan product line at Express' offices in Encinitas, California in May of 2008." *Id.* ¶ 36. "Lifeguard circumvented the purchasing chain by ordering products directly through Prestan in contravention of its agreement with Express. Lifeguard continues to purchase directly from Prestan in circumvention of this agreement, and directly competes with Express selling these products to the public, cutting Express out of its contractual share...." *Id.*

"Beginning about September, 2008, defendant Lifeguard has interfered with Express' business relationships with (1) Philips, the company that manufacturers the AEDs for which Lifeguard was Express' distributor, and (2) One Beat CPR, Express' current distributor of Philips AEDs." *Id.* ¶ 38. "Prior to September, 2008, Express was in talks with Philips to become a direct distributor of Philips products, rather than purchase the products through a distributor." *Id.* ¶ 39. "On about September 9, 2008, Philips halted negotiations regarding direct distributorship.... Lifeguard's princip[al]s had alerted Philips to the dispute between Lifeguard and Express, causing Philips to back out of negotiations." *Id.*

"Since its dispute arose with Lifeguard, Express has been obtaining Philips AEDs

through distributor One Beat CPR.  Between the months of about March and May of 2010, Express sold over $50,000 worth of Philips AEDs, but have had to hold the orders because the AEDs were not available." *Id*. ¶ 40.  On June 8, 2010, "One Beat CPR informed Express in effect that Philips had instructed One Beat CPR not to ship any Philips products sold by Express." *Id*. ¶ 42.  "Philips' decision was based on representations to Philips by Lifeguard and its principals and agents regarding the dispute, including requests that Philips refuse to ship products sold by Express. ...  As a result, all the money and effort expended by Express in selling the AEDs has now culminated in over $50,000 worth of orders Express cannot fill." *Id*. ¶¶ 43-44.

The First Amended Complaint alleges 14 claims for relief: (1) copyright infringement; (2) intentional interference with economic advantage; (3) negligent interference with economic advantage; (4) intentional interference with contractual relations; (5) trespass to chattel; (6) conversion; (7) negligence; (8) "breach of contract [Distributor/Vendor Agreement]"; (9) breach of covenant of good faith and fair dealing; (10) "false promise [deceit]"; (11) intentional misrepresentation; (12) negligent misrepresentation; (13) unjust enrichment; and (14) violation of California Business and Professions Code §17200 *et seq*. *Id*. at 13-14.

### B. Motion to Dismiss

On June 25, 2010, Defendant filed the Motion to Dismiss.  (Doc. # 17).  Defendant contends that "Plaintiff has failed to state facts upon which relief can be granted with regard to its claims for false promise, intentional misrepresentation, negligent misrepresentation, and unjust enrichment"; "Plaintiff has improperly plead[ed] recovery of punitive damages and attorneys' fees"; and Plaintiff "improperly continues to reference individuals in its First Amended Complaint that are no longer defendants." *Id*. at 1-2.  Defendant moves for the dismissal of the claims for false promise, intentional misrepresentation, negligent misrepresentation and unjust enrichment pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant moves to strike the prayer for punitive damages and attorney's fees and references to individuals in paragraphs 5-7 of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).

On July 19, 2010, Plaintiff filed an opposition to the Motion to Dismiss. (Doc. # 19). Plaintiff contends that Plaintiff's "claims sounding in misrepresentation are sufficiently pled," and "Defendant *waived* the right to bring a motion to dismiss on unjust enrichment, as well as the motion to strike alleged 'immaterial portions' of Express' First Amended Complaint" because Defendant failed to raise these issues in the previous Rule 12 motions. *Id.* at 1, 4.

On July 23, 2010, Defendant filed a reply in support of the Motion to Dismiss. (Doc. # 21).

**II.     Discussion**

**A.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**B.     Intentional Misrepresentation, Negligent Misrepresentation and False Promise**

"The elements of fraud ... are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003) (quotation omitted). "The tort of negligent misrepresentation" requires the same elements, except it "does not require scienter or intent to defraud." *Id.* (citation omitted). "To maintain an action for deceit based on a false promise, one must specifically allege and prove, among other things, that the promisor did not intend to perform at the time he or she made the promise and that it was intended to deceive or induce the promisee to do or not do a particular thing." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153,

1 | 159 (1991) (citations omitted).

2 |       "It is well-established in the Ninth Circuit that both claims for fraud and negligent
3 | misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank*
4 | *of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d
5 | 1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species
6 | of actual fraud.") (citation omitted). Rule 9(b) of the Federal Rules of Civil Procedure requires
7 | that, when fraud is alleged, "a party must state with particularity the circumstances constituting
8 | fraud...." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the
9 | alleged fraud be specific enough to give defendants notice of the particular misconduct so that
10 | they can defend against the charge and not just deny that they have done anything wrong.
11 | Averments of fraud must be accompanied by the who, what, when, where, and how of the
12 | misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)
13 | (quotations omitted). "To allege fraud with particularity, a plaintiff must set forth *more* than
14 | the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false
15 | or misleading about a statement, and why it is false. In other words, the plaintiff must set forth
16 | an explanation as to why the statement or omission complained of was false or misleading."
17 | *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superceded by statute of*
18 | *other grounds*. Under Rule 9(b), while fraud must be pled with specificity, "[m]alice, intent,
19 | knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ.
20 | Proc. 9(b).

21 |       The First Amended Complaint alleges: "[D]efendants at the time of making
22 | representations of fact and failing to disclose material facts herein alleged knew them to be
23 | false or did not have a reasonable belief in their truth," Doc. # 11 ¶ 110 (intentional
24 | misrepresentation); "Defendants breached their duty of care to plaintiff by making false
25 | representations of fact and failing to disclose material facts when they knew or should have
26 | known that the representations were not true," *id*. ¶ 116 (negligent misrepresentation); and
27 | "Defendants made promises that they would enter into a Distribution/Vendor Agreement, and
28 | abide by its terms, including restrictions on advertising directly to Express clients, and

competing by contracting directly with Express vendors," *id*. ¶ 100 (false promise).

These allegations, even viewed in conjunction with all other allegations in the First Amended Complaint, are not sufficient to satisfy the particularity requirement of Rule 9(b). The First Amended Complaint repeatedly references "representations" made by "Defendants" without identifying the content of the representations, when they were made, and who made them. The Motion to Dismiss is granted as to the claims for intentional misrepresentation, negligent misrepresentation and false promise.

### C.     Rule 12(g)

Plaintiff contends that, pursuant to Federal Rule of Civil Procedure 12(g), Defendant waived the right to bring the motion to dismiss the unjust enrichment claim, the motion to strike the prayers for punitive damages and attorney's fees, and the motion to strike reference to individual defendants because Defendant failed to raise these issues in the previous motion to dismiss which addressed the original Complaint. Defendant contends that "Express' reliance on Rule (g)(2) is misplaced, as Lifeguard's motion to dismiss is brought against Express' first amended complaint not the original complaint, which has since been superceded." (Doc. # 21 at 2).

Federal Rule of Civil Procedure 12(g) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h)(2) states that "[f]ailure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised" in a pleading, a motion for judgment on the pleadings or at trial. Fed. R. Civ. P. 12(h)(2). Rule 12(h)(3) relates to a court's subject-matter jurisdiction. Courts have interpreted Rule 12(g) as allowing successive motions to dismiss for failure to state a claim, but not successive Rule 12(f) or 12(b)(2)-(5) motions. *See In re Parmalat Sec. Litig.*, 497 F. Supp. 2d 526, 530 (S.D.N.Y. 2007); *Ong v. Sears, Roebuck & Co.*, 459 F. Supp. 2d 740 n.10 (N.D. Ill. 2006). "Although an amended complaint ordinarily supercedes the original pleading, it does not automatically revive all of the defenses and objections that a defendant

has waived in response to the original complaint." *Gilmore v. Shearson/Am. Exp. Inc.*, 811 F.2d 108, 112 (2d Cir. 1987); *see also Fed. Agric. Mortg. Corp. v. It's A Jungle Out There, Inc.*, No. C03-3721, 2005 WL 3325051, at *5 (N.D. Cal., Dec. 7, 2005) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading; conversely, a Rule 12 defense that becomes available because of new matter in the amended complaint may be asserted by motion.") (quoting Wright & Miller, 5D Fed. Practice & Proc. § 1388, at 491-92 (3d ed 2004)).

The Court concludes that pursuant to Rule 12(g)(2): Defendant may assert its Rule 12(b)(6) motion related to the unjust enrichment claim, *see In re Parmalat Sec. Litig.*, 497 F. Supp. 2d at 530; Defendant may assert its Rule 12(f) motion related to the references to the individual defendants because it "bec[ame] available because of new matter in the amended complaint," *see Fed. Agric. Mortg. Corp.*, 2005 WL 3325051, at *5; and Defendant has waived its right to bring the Rule 12(f) motions related to the requests for punitive damages and attorney's fees, *see id*.

### D.  Unjust Enrichment

"The state and the federal courts appear to be unclear whether in California a court may recognize a claim for 'unjust enrichment' as a separate cause of action." *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006) (collecting cases); *see also MB Tech., Inc. v. Oracle Corp.*, No. C09-5988, 2010 WL 1576686, at *4 (N.D. Cal., 2010) ("California courts, as well as the courts in this District, are squarely divided on this point [of whether unjust enrichment is a cause of action].") (collecting cases).

This Court concludes unjust enrichment is not a separate claim under California law. *See MB Tech., Inc.*, 2010 WL 1576686, at *4 ("Of these conflicting interpretations, the better view is that unjust enrichment represents a form of relief rather than an independent claim."); *Johns v. Bayer Corp.*, No. 09cv1935-DMS, 2010 WL 476688, at *6 n.3 (S.D. Cal., Feb. 9, 2010) ("While a split of authority appears to exist on this issue, this Court agrees with those courts that conclude unjust enrichment is not a separate claim."); *McBride v. Boughton*, 123

1  Cal. App. 4th 379, 387 (2004) ("Unjust enrichment is not a cause of action ... or even a
2  remedy, but rather a general principle, underlying various legal doctrines and remedies. It is
3  synonymous with restitution.") (citing *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th
4  779, 793 (2003)); *see also McKell v. Wash. Mut ., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006)
5  ("There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for
6  obtaining restitution based on quasi-contract or imposition of a constructive trust.") (citation
7  omitted). "To plead ... unjust enrichment, a plaintiff must allege a receipt of a benefit and
8  unjust retention of it at the expense of another. A dismissal of the [unjust enrichment] 'claim'
9  will not, in fact, preclude [plaintiff]'s ability to recover on a theory of unjust enrichment,
10 because [plaintiff] could potentially show the existence of these elements in connection with
11 several of its other claims, such as copyright infringement or fraud." *MB Tech., Inc.*, 2010 WL
12 1576686, at *4 (citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)).

13       The Motion to Dismiss the unjust enrichment claim is granted. This ruling will not
14 preclude Plaintiff from seeking to recovery on a theory of unjust enrichment in connection with
15 Plaintiff's other claims. *See id*.; *see also* First Am. Compl. at 18, Doc. # 11 (in prayer for
16 relief, Plaintiff seeks "restitution [of] any profits or damages attributable to defendants' unfair
17 competition, infringement of copyright, interference with business relations prospective and
18 existing, and other wrongful conduct"); *cf. McBride*, 123 Cal. App. 4th at 387 ("Unjust
19 enrichment is ... synonymous with restitution.").

20       **E.    Motion to Strike References to Individual Defendants**

21       Defendant contends:

22       In its original complaint, Express brought causes of action against Lifeguard's
      employee Shirley Cantrell, and two of Lifeguard's officers Chet Frist and
23       Harvard Reynolds (the 'Individual Defendants'). ... Express' [First Amended
      Complaint] continues to reference 'defendants' (plural) even though there is
24       only one named defendant. Additionally, the general averments of the [First
      Amended Complaint] confusingly continue to reference the Individual
25       Defendants, as if they were parties. Lifeguard requests that reference to the
      Individual Defendants in paragraphs 5, 6 and 7 be stricken from the [First
26       Amended Complaint].

27 (Doc. # 17-1 at 10). Defendant moves to strike reference to the individuals pursuant to Federal
28 Rule of Civil Procedure 12(f).

Paragraphs 5-7 of the First Amended Complaint, which appear in a section entitled, "Jurisdiction and Venue," allege:

> 5. Each defendant named above is a natural person doing business under fictitious business names, except Lifeguard Medical Solutions, LLC, dba Lifeguardmed.com, Aedsupplystore.com, which is believed to be a Limited Liability Company organized under the laws of the State of Tennessee and doing business there and elsewhere, including the State of California.
>
> 6. Plaintiff is informed and believes that Harvard Reynolds, Chet Frist are members, managers and/or principals of Lifeguard Medical Solutions, LLC.
>
> 7. Plaintiff is informed and believes that Harvard Reynolds, Chet Frist, Shirley Cantrell, and Lifeguard Medical Solutions, LLC., dba Lifeguardmed.com, Aedsupplystore.com (collectively "Lifeguard"), are doing business at the website domains lifeguardmed.com and aedsupplystore.com.

(Doc. # 11 ¶¶ 5-7).

Pursuant to Rule 12(f), a party may move a court to "order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice...." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (citations omitted). "[M]otions [to strike] should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 969 (N.D. Cal. 2009) (citations omitted). "When considering a motion to strike, the court must view the pleading in a light most favorable to the pleading party." *Id.* (quotation omitted). Whether to grant a motion to strike lies within the discretion of the district court. *See Fantasy, Inc.*, 984 F.2d at 1528.

Although paragraph 5 begins, "[e]ach defendant named above," it is clear from the caption of the First Amended Complaint that Lifeguard is the only remaining Defendant in this action. Both Plaintiff and Defendant have filed documents evidencing an understanding that, upon the filing of the First Amended Complaint, there was only one Defendant in this action.

1  *See* Pl.'s Notice of Filing First Am. Compl. at 2, Doc. # 14 ("Express removed the individual
2  defendants from the First Amended Complaint...."); Def.'s Mem. Supp. Mot. Dismiss at 10,
3  Doc. # 17-1 ("Express' [First Amended Complaint] continues to reference 'defendants' (plural)
4  even though there is only one named defendant."). Viewing the allegations in the First
5  Amended Complaint in the light most favorable to Plaintiff, the Court does not find that
6  references to individuals in paragraphs 5, 6 and/or 7 of the First Amended Complaint will
7  result in "litigating spurious issues," *Fantasy, Inc.*, 984 F.2d at 1527, or "may prejudice"
8  Defendant, *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d at 969. The motion to strike
9  references to individuals in paragraphs 5, 6 and 7 is denied.

### III.   Conclusion

11  IT IS HEREBY ORDERED that the "Rule 12(b)(6) Motion to Dismiss and Rule 12(f)
12  Motion to Strike Plaintiff's [First Amended] Complaint" is GRANTED IN PART and
13  DENIED IN PART. (Doc. # 17). The motion is granted as to the claims for intentional
14  misrepresentation, negligent misrepresentation, false promise and unjust enrichment. The
15  motion is denied in all other respects. The claims for intentional misrepresentation, negligent
16  misrepresentation, false promise and unjust enrichment are DISMISSED without prejudice.
17  DATED: September 1, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge